[Civ. No. 9880.   First Appellate District, Division Two.—November 22, 1935.]

THE PEOPLE, Appellant, v. ONE FORD COUPE, ENGINE No. 18–98810, Respondent.

U. S. Webb, Attorney-General, and Seibert L, Sefton, Deputy Attorney-General, for Appellant.

Fred W. Comba for Respondent.

NOURSE, P. J.—The state sued to enforce the forfeiture of an automobile under the provisions of section 15 of the State Narcotics Act as amended by Statutes of 1933, page 788. The owner of the machine answered and defended the action in the court below. At the close of the People's case the trial court entered a nonsuit, though the record does not show that a motion was made for that purpose or upon what grounds it was considered.

The undisputed evidence is that police officers having followed the owner of the car and his wife for a greater part of the day apprehended them at about 1:20 A. M. in the city of San Mateo. Both were placed under arrest and a package containing morphine was taken from the wife. Both the owner and his wife then admitted that the morphine was theirs and, when the officers told them that they had noted four or five places in San Francisco where they had been seen to stop and that they intended to go to these places and investigate, the owner of the car said: "Don't do that, here are the keys to my room in San Francisco where the rest of it is, and that is all I got." The owner of the car also admitted to the arresting officer that he and his wife had carried morphine in the car, but insisted that it was intended for their own use and not for the purpose of sale.

All this testimony was received from two of the arresting officers without objection. When the third officer was asked to relate the admissions of the owner the respondent herein for the first time raised the objection that it was hearsay. This objection was sustained and the judgment or order was admittedly based upon the conclusion of the trial judge that all this testimony was inadmissible. This was error for two reasons. First, the owner of the car voluntarily made himself a party to the action by filing an answer claiming damages for the seizure and alleging that the car was not "used in the unlawful transportation of narcotics". Hence all his admissions to the contrary were against interest

and the proper subject of testimony from these witnesses. Second, the transportation having been fully proved by unobjectionable evidence, the burden of proof was on the owner to show that possession and transportation was for a lawful purpose within the terms of the act. The ownership of the car was admitted, and the possession and transportation of the narcotics by means of the car was proved by direct evidence. The testimony objected to merely went to prove negatively that the owner had no valid claim that the possession or transportation was for a lawful purpose.

Upon the record the state not only made a *prima facie* case sufficient to avoid a nonsuit but made a complete case upon which a forfeiture became mandatory unless the owner could establish one of the defenses specified in the act. The terms of the statute are plain and need no interpretation. If a forfeiture for the transportation of such a small quantity of narcotics seemed a drastic penalty it nevertheless was a matter within the domain of the legislature and was not a matter to guide the judgment of the court.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.