[Civ. No. 12864.   First Dist., Div. One.   Oct. 9, 1945.]

THE PEOPLE, Appellant, v. ONE 1940 BUICK SEDAN, Defendant; SAMUEL W. HARRISON, JR., et al., Respondents.

Robert W. Kenny, Attorney General, and Ralph W. Scott, Deputy Attorney General, for Appellant.

Clark, Nichols & Morton for Respondents.

WARD, J.—The State appeals from an order and judgment of nonsuit in a proceeding instituted by the State to forfeit an automobile pursuant to Health and Safety Code section 11610.

Both the registered owner, Samuel W. Harrison, Jr., and the legal owner, Fidelity Acceptance & Thrift Company, filed answers as claimants and interveners which denied that the automobile was used unlawfully, and as a separate defense the finance company alleged that it had made a "reasonable investigation . . . as to the moral responsibility, character and reputation" of Harrison, the purchaser, as provided for by Health and Safety Code section 11620. At the close of the presentation of the State's evidence regarding the unlawful use of the car, motion for nonsuit on behalf of claimants and interveners was granted. Therefore the only issue presented concerns the sufficiency of the evidence to sustain a forfeiture under the statute.

Section 11610 provides: "A vehicle used to unlawfully transport any narcotic, or in which any narcotic is unlawfully kept, deposited or concealed, or in which any narcotic is unlawfully possessed by an occupant thereof, shall be forfeited to the State." In brief, the statute may become operative on (1) transportation of any narcotic, (2) keeping, depositing or concealing any narcotic, (3) possession of any narcotic if the possessor is an occupant of the vehicle. The notice of seizure and intended forfeiture proceedings, used under the statute in lieu of the ordinary complaint, charges that the vehicle herein "was used to unlawfully conceal, convey, carry or transport Narcotics, to-wit: Marihuana" etc.

The last provision, which for convenience may be designated (3)—possession by an occupant—should, in view of this notice of seizure play no part in the determination of the issues in this case. The notice of seizure contains no reference to possession by an occupant. If there was transportation, with or without concealment, the section may become operative and the automobile forfeited to the state. The word "occupant" does not modify each of the three clauses. A reasonable construction forbids the implied use of the word as a modification of the previous designated uses of the vehicle.

The evidence shows that an inspector for the Division of Narcotic Enforcement testified that he had seized the car, located in front of a hotel or apartment on Post Street near Buchanan in San Francisco on the date alleged in the notice of seizure, from Samuel W. Harrison, Jr. Prior thereto the inspector, in company with another inspector and a police officer had visited the sleeping quarters of Harrison and interviewed him and one Jim McCaw, and searched the premises. In a suit case "minor traces of marihuana" were found, and in a suit of clothes, admittedly the property of Harrison, a bunch of keys, which Harrison said also belonged to him. One of the keys opened the door of Harrison's automobile, locked and with the windows tightly closed, then parked in front of the hotel. Without objection the inspector testified that Harrison said he had locked and parked the automobile. The inspector searched the car. In an ash tray which he pulled out from the dashboard were found a number of ordinary cigarette "butts" beneath which was a marihuana cigarette which had not been smoked. The inspector testified that Harrison stated "that the night before he and this Jim McCaw —he is also known as James McCoy—had been riding around. He met McCoy, and during the course of the evening they picked up two girls who he believed were prostitutes; that they had driven around, and had gone on Washington Street to a restaurant and that he had got out of the car and went into the restaurant, and when he came out he observed McCaw and these two girls smoking a cigarette which looked like the one that we had, which we had found. Q. Did he say where they were smoking the cigarette? A. In the automobile. We said that—we asked him if he didn't know that it was wrong for them to be smoking marihuana, and he stated that he did, but that he didn't say anything about it because he had been playing, as he called it, 'the big shot' that night, and he didn't want to create the impression that he wasn't such,

and he said that he had seen other brown cigarettes like that in the possession of the girls or of McCaw during the evening. . . . Well, he then stated that they let the girls out, and that he and McCaw had then driven up to the hotel and that he had parked the car and locked it up and they had gone up and gone to bed.'' The inspector further testified that at the conclusion of the trial ''Mr. Harrison approached me and asked me how come I had not arrested James McCaw yet, or alias Jim McCoy; that he was still peddling this marihuana, as he had been at that time, and I informed him that McCaw would be arrested when we had sufficient evidence to arrest him. He was subsequently arrested on the 15th of this month—last month.'' A chemist inspector for the Division of Narcotic Enforcement testified: ''I analyzed the contents of it (an envelope containing the evidence) and found it to be one cigarette containing three grains of the leaves and flowering tops of cannabis sativa, or marihuana.'' Thereupon the plaintiff rested. The claimants and interveners presented a motion for a nonsuit which was subsequently granted.

On motion for a nonsuit it must be assumed that plaintiff's evidence is true. Conflicting evidence must be disregarded and reasonable inferences must be drawn to support the plaintiff's position. If there is then no substantial evidence to support plaintiff's case the motion may be granted; otherwise it must be denied. (*Estate of Flood,* 217 Cal. 763 [21 P.2d 579]; *Martin* v. *Tully,* 44 Cal.App.2d 226 [112 P.2d 282]; *Estate of Lances,* 216 Cal. 397 [14 P.2d 768]; *Burlingham* v. *Gray,* 22 Cal.2d 87 [137 P.2d 9].) The evidence presented by the State, together with the reasonable inferences that may be drawn therefrom, show that the State proved that on the night previous to the arrest of Harrison, a marihuana cigarette had been transported in the automobile from one part of San Francisco to another and that on the day of the seizure there was kept and concealed in the automobile the same narcotic.

The claimant and intervener, Fidelity Acceptance & Thrift Company, is the only respondent who has filed a brief on appeal, and the court, pursuant to rule 17(b) of the Rules on Appeal, has submitted the cause as to respondent Harrison solely on the appellant's briefs. Respondent attempts to read the section so that the transportation, keeping, depositing or concealing, or unlawful possession in each instance

must be by an "occupant." As indicated above the section may not be so interpreted. Respondent's arguments on the definition of "occupant" are therefore of no assistance to the court in this case.

■ Respondent also relies upon *People* v. *One 1941 Cadillac Club Coupe*, 63 Cal.App.2d 418 [147 P.2d 49]. That case was considered by this court in the recent case of *People* v. *One 1940 Buick 8 Sedan*, 70 Cal.App.2d 542 [161 P.2d 264]. The quantity of narcotics to be transported, kept, deposited or concealed, or to be possessed by an occupant is not designated in the statute. (*People* v. *One Ford Coupe*, 10 Cal.App. 2d 321 [51 P.2d 882]; *People* v. *One 1940 Buick 8 Sedan*, *supra*.) On the contrary, the statute specifically used the words "any narcotic." The word "any" may mean "some," "one out of many," or may be construed to mean "all." Ordinarily it is used synonymously with "a" or "an," referring to "one." (*Bates* v. *McHenry*, 123 Cal.App. 81 [10 P.2d 1038], 3 C.J.S. 1398.) Here, it is a general word not limited or restricted by the context. As used in section 11610 it means if there is some narcotic, as defined by sections 11001 and 11002, deposited or concealed, the kind and quantity are immaterial.

■ Respondent, purchaser of the conditional contract of sale, contends that neither by omission nor commission was it an aider and abettor in the unlawful use of the Harrison automobile. It was held in March, 1944 (*People* v. *One 1941 Cadillac Club Coupe*, *supra*, pp. 421-422) that if the attempted forfeiture is based on the provision, viz., " 'or in which any narcotic is unlawfully kept, deposited or concealed, or in which any narcotic is unlawfully possessed by an occupant thereof', then it must clearly appear that either the legal or equitable owner of the vehicle, as the case may be, who is seeking to protect his interest therein, was an aider and abettor in such unlawful conduct, or in other words, *particeps criminis.*" (Petition for hearing by Supreme Court denied in May, 1944. Three justices voted for a hearing.) That case affirmed a judgment by the trial court in favor of a finance company based upon the finding that the finance company had made a reasonable investigation as to the moral responsibility of the purchaser. Consequently, all that was said with respect to the forfeiting of purchaser's interest and with respect to what was necessary for the State to prove in order to forfeit the finance company's or the registered owner's interest in the absence of a defense by the legal or registered owner, was

dicta. In June, 1945, the Supreme Court said in *People* v. *One 1941 Ford 8 Stake Truck,* 26 Cal.2d 503, 507 [159 P.2d 641] : "But there are no constitutional impediments to a forfeiture where the owner entrusts his vehicle to another who uses it illegally, even though the owner does not know of or acquiesce in such use. . . . An owner who entrusts the possession of his vehicle to another thereby accepts the risk that it will be used contrary to law." The legal owner, the claimant and intervener herein, had entrusted the possession of the car to Harrison, the registered owner. In view of the holding in the last cited case, which received the direct approval of six justices and a special concurring opinion by one justice, it is incumbent upon the court to hold that in the forfeiture of a vehicle under the statutes in question it is not necessary that the legal or equitable owner should have been an aider or abettor in the commission of the offense. (*People* v. *One 1940 Buick 8 Sedan, supra.*)

No proof was offered that the finance company had made a "reasonable investigation of the moral responsibility, character, and reputation of the purchaser" of the car, Harrison. (Health & Saf. Code, § 11620.) No opportunity for the introduction of evidence under this defense as pleaded in the answer was presented inasmuch as the court granted the motion for nonsuit at the close of the presentation of the State's evidence. This evidence may be presented at a future hearing.

By reason of the views heretofore expressed concerning the facts necessary to be proved by the State in order to forfeit a car under section 11610 of the Health and Safety Code, the court erred in granting the motion for a nonsuit and in entering the judgment in favor of defendants.

The judgment is reversed.

Peters, P. J., and Schottky, J. pro tem., concurred.