[Civ. No. 15566.  Second Dist., Div. One.  June 17, 1947.]

THE PEOPLE, Respondent, v. ONE 1940 OLDSMOBILE CLUB COUPE, SERIAL NO. CF0519379, Defendant; MARIA R. LOPEZ, Appellant.

Myer B. Marion and Eugene L. Wolver for Appellant.

Robert W. Kenny and Fred N. Howser, Attorneys General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

YORK, P. J.—This is an appeal by Maria R. Lopez, the registered owner of a 1940 Oldsmobile club coupe, from a judgment ordering such vehicle forfeited to the state for a violation of the provisions of sections 3, 51 (subd. 4) and 51(g) of the Alcoholic Beverage Control Act (Stats. 1935, p. 1123, and amendments thereto; 2 Deering's Gen. Laws, Act 3796), in that it was being unlawfully used on December 7, 1945, to conceal alcoholic beverages.

. Appellant urges (1) that the evidence does not support the finding that she used the seized vehicle to conceal alcoholic beverages with the intent to sell the same without a license; (2) that concealment in, without transportation by, of alcoholic beverages is insufficient to justify the forfeiture of a vehicle; (3) that the record of a former proceeding against appellant in the municipal court was inadmissible herein.

State Liquor Control Officer Franco, one of the arresting officers, testified that at 1 a. m. on December 7, 1945, in company with two girls he entered the La Fiesta Inn on Sunset Boulevard in the city of Los Angeles and inquired of a waitress if he could buy a pint of whiskey; the waitress referred him to appellant Lopez, who said she had no pints but could let him have a fifth for $10; that he indicated his willingness to pay that price, whereupon he saw appellant leave the premises; that upon her return within five or seven minutes, she called him to the back of the room and handed him a bottle in a paper bag; that he gave her a five dollar bill and five ones, making a memorandum of the serial numbers thereof; that the bottle in the bag which he received from appellant con-

tained a fifth of whiskey labeled "Hill and Hill, Bourbon Whiskey, a Blend." The witness identified a fifth of Hill and Hill Bourbon Whiskey as the same bottle which appellant gave him, and it was stipulated that the bottle contained whiskey. Said witness further testified that after he received the bottle from appellant he placed it in the booth where he was seated with his companions and then walked to the door and signaled to some officers who then entered the establishment.

State Liquor Control Officer Pilkington, who was present when appellant was arrested on December 7, 1945, testified he was in charge of the group of officers making an investigation of reported bootlegging at the La Fiesta Inn; that at the time of appellant's arrest, he had seized a 1940 Oldsmobile coupe, California License No. PC F 111, which he saw for the first time that evening when it was parked on the south-side of Sunset facing east and a little west of the La Fiesta Café; that he had come to the café with other officers; that Officer Franco entered the café and the witness and the other officers walked across the street and watched the door of the café; that the witness knew appellant by sight; that he saw her come out of the café, walk to the automobile, reach in the car and take an object out and then walk down the sidewalk toward the café; that he could not tell what the object was; that a car then drove up to the café, some people got out and talked to appellant, who was standing on the sidewalk about halfway between the entrance to the café and appellant's parked Oldsmobile; that at the end of this conversation, appellant handed to these people the object she was carrying; that said witness could not definitely say that any money was transferred but "there was an exchange of hands on the sidewalk . . . there was an exchange of something"; whereupon appellant went back into the café; that a few minutes later appellant "came out of the café, went to the same automobile, opened the same door on the street side, took another object out of the automobile and went into the café with the object." Officer Pilkington further testified that shortly thereafter Officer Franco came to the door of the café and signaled, whereupon the witness and the other officers accompanying him went into the café and placed appellant under arrest; that the witness then demanded of appellant that she return the money which Officer Franco had given to her; that she denied she had it, a search of the entire building failing to disclose it; that appellant was searched at Lincoln Heights jail and that the money was handed to the witness

in appellant's presence; that the witness checked the serial numbers on the money with the memorandum recorded in his book, whereupon appellant said, "Well, what is the use, you have got me. . . . What is the use of checking these serial numbers? I am going to sell the business and quit boot-legging." Officer Pilkington also testified that he did not make the first search of the Oldsmobile nor did he examine it until appellant was taken to the Lincoln Heights jail. On cross-examination, said officer testified that the liquor bottles produced in evidence were in appellant's car when he first saw them—"It is a coupe and they were in the back of it. I don't mean the turtle back but I mean kind of a little back seat"; that the box in the car contained nine bottles and six empty spaces.

Officer Tripp, who was with Officer Pilkington when appellant was arrested on December 7, 1945, testified that he saw the 1940 Oldsmobile club coupe, License PC F 111 and received instructions from Officer Pilkington to guard it while Pilkington went into the café; that said witness found the car locked and that Officer Patterson gave him the keys, whereupon he unlocked the car and searched it; that he found a case with nine bottles of Hill and Hill Bourbon Whiskey on the back seat; that the case was broken open but the covers were down on top.

Officer Armour testified that he filed a criminal complaint against appellant based upon the same transaction here involved, and over appellant's objection the court admitted into evidence a certified copy of the record of *People* v. *Mrs. Maria R. Lopez, Los Angeles Municipal Court No. 39209,* showing that she had entered a plea of guilty to a charge of violation of sections 3, 51, subdivision 4, and 51(g) of the Alcoholic Beverage Control Act.

Appellant took the stand in her own defense and testified that her son was the owner of the La Fiesta Inn where she worked weekends; that she had seen Officer Franco at the café four or five times prior to December 7, 1945; that on that date he first talked to a waitress and later asked appellant for liquor; that to his request appellant said she had some liquor in her car and Franco offered to buy it for $10, and that she sold him the liquor to accommodate him. Appellant also testified that she had ten bottles of liquor in her car which she had purchased for a party to be given in connection with the opening of a dress shop in which she had an

interest. A printed invitation to such open house was introduced in evidence as well as a copy of a document entitled "Copartnership Agreement" listing appellant as one of the owners of said business. Appellant further testified that she bought the ten bottles of Hill and Hill whiskey at Lloyds on Beverly Boulevard; that she purchased ten bottles and not a full case, and the case when she purchased it was in the same condition as it was at the time of the trial; that the case was not sealed and the serial number thereon was legible and unobliterated; that she paid $4.00 per bottle and sold one bottle to Officer Franco for $10. Appellant admitted that neither she nor the La Fiesta Café had a license to sell liquor at the time of the sale on December 7, 1945; that the money she received from Officer Franco she originally placed in her purse, but that she later hid it in her stocking. On cross-examination, appellant declared she was the legal and registered owner of the automobile here involved, having paid off the loan thereon to the Bank of America.

In connection with her first point, appellant urges that while the notice of seizure and intended forfeiture was predicated upon the theory that the automobile was being used to unlawfully *conceal,* convey or transport alcoholic beverages and the court found that said vehicle was being used to conceal such beverages, nevertheless there is "no evidence of any act on the part of appellant which approximates any concealment or attempted concealment of the liquor in the vehicle here involved."

Appellant testified that she worked weekends for her son who owned the café in question and that neither she nor the café had a license to sell liquor; that she had ten bottles of bourbon in her automobile, which was parked outside the café; that she sold one bottle to Officer Franco for $10, although she purchased it for $4.00 per bottle. While it is true that the case containing the bottles of whiskey was resting on the "little back seat" of the club coupe, which appellant claims was a place within easy view of anyone looking through the window, and therefore did not constitute a concealment it should not be overlooked that appellant kept the car locked and that the record discloses no evidence that the case of liquor could be seen from outside by one looking through the window of the automobile.

The word "conceal" is defined by Webster's New International Dictionary, second edition: "To hide or withdraw from observation; to cover or keep from sight; to prevent the

discovery of.'' In the circumstances here presented, the placing of the case of liquor on the small back seat of the locked club coupe, effectively withdrew it from observation and constituted a concealment thereof under the statute.

■ Appellant also urges that concealment without transportation is insufficient to justify a forfeiture. Section 51(g) of the Alcoholic Beverage Control Act, *supra,* with a violation of which appellant is here charged, reads:

''It shall be unlawful for any person to use any automobile or other vehicle to *conceal,* convey, carry, or *transport* any alcoholic beverages which are subject to seizure under the provisions of this act. . . . Any automobile or other vehicle used contrary to the provisions of this section or section 51a shall be forfeited to the State of California.'' (Emphasis added.) Thus, either concealment *or* transportation is sufficient justification for a forfeiture.

In *People* v. *One 1940 Buick Sedan,* 71 Cal.App.2d 160, 161 [162 P.2d 318], a proceeding to forfeit an automobile under section 11610 of the Health and Safety Code which provides that ''A vehicle used to unlawfully transport any narcotic, or in which any narcotic is unlawfully possessed by an occupant thereof, shall be forfeited to the State,'' the court held that ''the statute may become operative on (1) transportation of any narcotic, (2) keeping, depositing or concealing any narcotic, (3) possession of any narcotic if the possessor is an occupant of the vehicle.''

■ With respect to appellant's contention that the record of the former proceeding against her in the municipal court was inadmissible and constituted prejudicial error, respondent, while admitting the general rule that ''a judgment of conviction or acquittal of a party charged with crime cannot be given in evidence in a civil action to prove or negative the facts upon which it is rendered,'' states that there is a well recognized exception to such rule as enunciated by the case of *Olson* v. *Meacham,* 129 Cal.App. 670, 675 [19 P.2d 527], wherein an assignment of error was based upon the admission of a certain criminal complaint and the plea of the defendant thereto. In the cited case it is stated: ''In 31 American Law Reports, page 278, is a list of decisions from twenty-four different states supporting the following statement: 'An exception to the rule that a judgment in a criminal prosecution cannot be received in a civil action, to establish the truth of the facts on which it was rendered, has been held to arise where the defendant in the criminal case pleaded guilty, and

the record showing such plea is offered in evidence in a civil action against him growing out of the same offense, such a record being admitted not as a judgment establishing the fact, but as the deliberate declaration or admission against interest that the fact is so; or, in other words, a solemn confession of the very fact charged in the civil action.' ''

The instant forfeiture and the municipal court case arose out of the same transaction, hence, under the rule stated, the plea of guilty on the criminal charge was properly admitted herein as an admission of appellant on an issue material to the forfeiture proceeding.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.

A petition for a rehearing was denied July 3, 1947, and appellant's petition for a hearing by the Supreme Court was denied August 14, 1947.