[Civ. No. 17597.   First Dist., Div. Two.   Oct. 24, 1957.]

PETER N. ZAR, Respondent, v. STELLA ZAR, Appellant.

Alfred E. Graziani for Appellant.

Wyckoff, Parker, Boyle & Pope for Respondent.

DRAPER, J.—This divorce action was commenced by plaintiff husband, who alleged extreme cruelty. His complaint set out a detailed description of the community property, and sought award of all of it to him. The wife's answer admitted that the property itemized in the complaint was "substantially all" the community property, but alleged upon information and belief that there was "other miscellaneous community property," the exact nature and value of which was unknown to her. Her cross-complaint describes the community property in similar terms. Following trial, interlocutory decree was awarded to the husband and the property divided between the parties. Defendant wife appealed from the judgment as a whole, but directs her argument solely to the provisions for distribution of the property. She contends that there is no evidence of value of the items of property, and thus no adequate basis for the distribution made by the court. Appellant's present attorney is not the one who represented her at trial.

The wife offered no evidence upon her cross-complaint, but did seek to controvert some of the evidence as to her conduct. At the conclusion of her testimony on these subjects, the following occurred:

"MR. MCCARTHY [attorney for defendant]: . . . I understand we are reserving the matter of how the community property was acquired until later, is that correct?

"THE COURT: I was expecting to discuss it with you this afternoon, and you will be guided as the result of our discussions.

"MR. MCCARTHY: Well, maybe I had better ask a few questions along that line, your Honor, if you don't mind?

"THE COURT: All right."

The wife then testified that the parties had no property when married, reviewed her husband's employment history, and described some of the property in general terms. After rebuttal testimony, both sides rested and the court asked:

"It is stipulated the taking of testimony and evidence is closed on both sides of the case except as to matters relating to property?"

Upon affirmative answer, the court orally reviewed the evidence on grounds for divorce, stated that the evidence established "grave indiscretion," although not adultery, on the part of the wife, and concluded that "insofar as his cause

of action for divorce is concerned,'' plaintiff had established his case. The court then said:

"Now, if you will come into chambers I will discuss the matter of the community property with you gentlemen."

The reporter's transcript shows that court and counsel retired to chambers, but does not report the proceedings there. Court and counsel returned to the courtroom, and the following occurred:

"THE COURT: The matter is submitted to the court for its decision, I take it?

"MR. MCCARTHY: Yes, your Honor."

The court then announced its determination as to division of property. Counsel for both parties waived findings of fact and conclusions of law and discussed briefly a minor property matter not covered in the court's oral statement. The court then adjourned.

■ Under the admissions of the answer, no evidence was necessary to place before the court a full description of the community property of the parties. (*Brown* v. *Aguilar*, 202 Cal. 143 [259 P. 735]; *Lifton* v. *Harshman*, 80 Cal.App.2d 422 [182 P.2d 222].) As to appellant's allegation of "miscellaneous community property" which was not "substantial," the burden of proof was upon her, (*Baker* v. *Baker*, 98 Cal. App.2d 424 [220 P.2d 576]) and she did not carry it.

■ The only remaining matter material to division of the property was the value of the several items. On this point, no evidence was introduced by either party in the reported portion of the proceedings. The trial was very brief, and this lack of evidence was clearly apparent when counsel and the court retired to chambers. Nonetheless, appellant's attorney readily accepted the court's invitation to both counsel to "come into chambers [to] discuss the matter of the community property." His readiness heightens the impression given by the transcript as a whole that this retirement was by previous stipulation.

Upon the return to the courtroom, the trial judge meticulously preserved the right of both counsel to offer further evidence. He asked whether the matter was submitted for decision, and announced his views only after explicit stipulation that this was so. Thus the record clearly discloses more than mere failure to object to a decision without reported evidence of value. It shows inescapably an affirmative agreement for decision upon the record as it then stood. We cannot speculate that the gap in the record on the issue of value was

filled, during the unreported proceedings in chambers, by evidence or stipulation. We are clear that the matter was finally and affirmatively submitted to the trial court upon the basis of the matters before it at the close of those proceedings. To permit appellant to repudiate her actions and agreements at trial would be contrary to established rules.

". . . [O]ne may not raise a question on appeal where he has assented to or recognized the validity of the matter or proceeding in the court below, unless fundamental error is involved." (3 Cal.Jur.2d 604.) An appellant cannot assert as error a procedure to which he assented at trial. (*In re Wood*, 103 Cal.App. 790 [285 P. 323].) It is apparent that the error here alleged could have been readily and promptly cured at the trial if any objection had there been raised. Fairness to trial court and counsel, respect for the need for finality, and distaste for procedures which would enable a party to accept desired results while avoiding adverse decisions, all suggest that appellant should have made her position known to the trial court. In this connection, it is noteworthy that no motion for new trial was made.

The conduct of proceedings in chambers is at most an irregularity which does not run to jurisdiction, (*Gibson* v. *Southern Pacific Co.*, 137 Cal.App.2d 337 [290 P.2d 347]) and which, in any event, is waived by failure to object thereto, (*Hersom* v. *Hersom*, 60 Cal.App. 383 [212 P. 717]).

It should be noted also that, although the trial court did award substantial property to appellant, it was not required to make any award to her. (Civ. Code, § 146.) The right of the party who prevails upon a charge of cruelty to receive more than half the community property, (*Barry* v. *Barry*, 124 Cal.App.2d 107 [268 P.2d 147]) is not involved here, since the divorce was awarded to respondent.

Appellant's request that this court modify the division of the property (Civ. Code, § 148), cannot be considered. She has presented no record which would permit reappraisal here. Even upon an adequate record, an appellate court will be slow to interfere with the discretion of the trial court. (*LeFiell* v. *LeFiell*, 108 Cal.App.2d 321 [239 P.2d 61].)

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.