[Crim. No. 1504.  Third Appellate District.—October 14, 1936.]

THE  PEOPLE,  Respondent, v.  GILBERT  SALAS,  Appellant.

Barcroft & Barcroft for Appellant.

U. S. Webb, Attorney-General; and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—This is an appeal from an order denying a new trial and from a judgment of conviction based upon an information in two counts charging the defendant with possession and transportation of morphine.

It is the contention of appellant that the evidence does not support the verdict, that the court erred in the admission of certain evidence, and that the trial judge was guilty of prejudicial misconduct.

The evidence shows that on the evening of March 26, 1936, defendant was arrested while driving an automobile on the main highway about two miles south of the city of Madera. In the automobile after the arrest was found a spoon, a bottle of water, a bottle of antiseptic solution and some cotton. A chemist called as a witness upon behalf of the People testified that he examined the spoon and analyzed certain deposits found therein and found the same to be morphine.

The appellant, at the time of his arrest, was stopped by two traffic officers who had observed a certain erratic manner in his driving. These officers trailed the car in which appellant alone was riding for some distance and sounded their siren to bring him to a stop. After the siren was sounded by the officers he was seen to be moving about in the car. The morning after the arrest of the defendant a yellow box was found near the side of the

highway at a point approximately 120 feet north of the point from where the siren was sounded. Upon examination the box was found to contain tablets of morphine. There is some question raised as to the relation of this box and the contents with the defendant, it having been found first by a witness who examined the same and threw it away, and it was later recovered by a member of the sheriff's office and turned over to that officer.

Dr. Twining, called as an expert by the prosecution, testified that the contents of the spoon and the tablets of morphine sulphate found in the box were the same, and also that a small piece of cotton found in the box with the tablets was of the same grade as that of another piece of cotton found in the car of defendant. With these facts before the jury it then became a question of fact for them to determine from all of the evidence whether or not the box found by the roadside near the point of arrest had been thrown there by the defendant.

In *People* v. *Skoff,* 131 Cal. App. 235 [21 Pac. (2d) 118], this court held the presence of a bottle of liquor found near the roadside where the defendant in that case had stopped his car, was a question for the jury in a prosecution for driving an automobile while under the influence of intoxicating liquor. The court there said:

"Evidence of the presence of the bottle of jackass brandy was improperly excluded from the jury under the circumstances of this case. A collision had just occurred. The defendant's intoxication was charged as the cause of the accident. There was substantial evidence that the odor of alcohol was upon his breath. The car was standing on the highway in a sparsely settled country district. The bottle was found in the grass within a few feet of the automobile where it was likely to have been thrown by the occupants of the machine. There appears no other reasonable way to account for the presence of the bottle at that particular time and place. In the case of *State* v. *Gondeiro,* 82 Mont. 530 [268 Pac. 507], under similar circumstances, the finding of a bottle of liquor in close proximity to the machine of an accused person was held to be competent evidence upon a charge of manslaughter. The court said: 'It is urged strenuously that the court erred in

admitting testimony respecting the bottle found in proximity to the car. We are wholly unable to agree with this argument. Clearly the testimony was relevant.' "

Appellant denied possession of the box, and claimed the quantity of morphine found in the spoon was not of sufficient quantity to support a finding of possession and of the transportation of morphine. Appellant was charged under section 1 of the State Narcotic Act as amended in 1935, which provided in part, "It shall be unlawful for any person to transport or to have in possession any morphine except on the written order of a physician or surgeon." It will be noted in this section that it is unlawful to possess *any* morphine and no quantity is specified in order to bring one under the provisions of this act. We therefore believe that in regard to the sufficiency of the evidence there was enough, if believed by the jury, to justify their implied finding.

■ Objection is also made that the court permitted the state narcotic inspector to testify concerning methods used by narcotic addicts in the use of morphine, the fact that taken hypodermically a scar was usually left upon the person, and that the usual place for the injection of the drug was in the main vein in the forearm. He also testified that he had seen the defendant's forearm and that it showed scars as though made by a hypodermic needle. In determining the qualifications of one who offers himself as an expert the trial court is vested with a legal discretion, and from the evidence here it is apparent that there was no abuse of discretion upon the part of the trial court in permitting the witness to testify upon the matters in question. The weight to be given such evidence is of course a matter for the jury to determine. (*People* v. *Norton,* 138 Cal. App. 70 [31 Pac. (2d) 809]; *People* v. *Goldsworthy,* 130 Cal. 600 [62 Pac. 1074].)

■ Appellant objected also to testimony in regard to the appearance of the arm of appellant, claiming that it compelled him to be a witness against himself. Testimony, however, is admissible in a criminal case concerning the result of a physical examination to which a defendant, as in this case, had voluntarily submitted. (*People* v. *Guiterez,* 126 Cal. App. 526 [14 Pac. (2d) 838].)

The arresting officers described the appearance and the demeanor of the defendant at the time of his arrest, and the appellant, a witness on his own behalf, did not deny he had used a hypodermic needle on his arm, nor did he deny that he was a drug addict.

The last point urged by appellant is that the trial judge was guilty of prejudicial misconduct in that in a number of instances the judge himself asked questions of the various witnesses or reframed questions which had been asked by counsel. In the case of *People* v. *Golsh,* 63 Cal. App. 609 [219 Pac. 456], the court in passing upon a similar assignment of error, said:

"The duty of a trial judge, particularly in criminal cases, is more than that of an umpire; and though his power to examine the witnesses should be exercised with discretion and in such a way as not to prejudice the rights of the prosecution or the accused, still he is not compelled to sit quietly by and see one wrongfully acquitted or unjustly punished when a few questions asked from the bench might elicit the truth. It is his primary duty to see that justice is done both to the accused and to the people. He is, moreover, in a better position than the reviewing court to know when the circumstances warrant or require the interrogation of witnesses from the bench."

Finding no merit in the contentions of appellant, the judgment and order are affirmed.

Plummer, J., and Thompson, J., concurred.