374 P.2d 872

The STATE of Arizona, Appellee,

v.

Dian Lee MORENO, Appellant.

No. 1212.

Supreme Court of Arizona.

En Banc.

Sept. 26, 1962.

Martin S. Rogers, Tucson, for appellant.

Robert Pickrell, Atty. Gen., of Arizona :and Harry Ackerman, Pima County Attorney by Manuel H. Garcia, Deputy County Attorney, for appellee.

STRUCKMEYER, Justice.

Appellant, Dian Lee Moreno, wife of Rudolph Moreno, appeals from a conviction and sentence on a charge of possession of a narcotic drug, heroin, a violation of A.R.S. § 36–1002.

On February 17, 1961, appellant and her husband admitted to their apartment a Tucson police officer and a liquor control agent who had a warrant for the arrest of appellant's husband. After appellant's husband was placed under arrest he was questioned as to the whereabouts of a narcotic kit. Appellant was present during the greater part of this questioning and she was also questioned particularly concerning her personal use of narcotics. She ad-mitted to the personal use, but claimed she was not an addict. After sometime appellant's husband was permitted by the arresting officers to engage in a private conversation with his wife and immediately thereafter nodded to a paper towel rack saying, "It is in there". A cardboard tube was removed from the rack and in it was found a plastic bag containing two eye-droppers, one eye-dropper bulb, a plastic needle case with needles in it, and four cotton wads described in the evidence as pledgets.

Charges were filed thereafter against appellant and her husband for joint possession of a narcotic drug. Testimony was developed that a user of narcotics wiped the tip of the hypodermic needle with a cotton wad saving it so that its residue along with others could later be dissolved in water. The resulting solution was used for a "booster" shot and it was not unusual for addicts to do this when they are unable to otherwise get a supply. At the trial after the state rested, defendants moved for a directed verdict of acquittal on the grounds that the evidence was not sufficient to sustain a conviction. This motion was renewed at the conclusion of all the evidence. The state after some argument requested that it be permitted to reopen its case, which request was granted.

One witness, a police chemist was recalled. He testified that he had analyzed

the four cotton wads and determined that they contained approximately .2 milligrams of heroin in the form of heroin hydrochloride. He also testified that this amount of heroin would be sufficient to be effectively used as a narcotic.

 Certain technical errors are raised which will first be considered briefly. First, it is urged that it was error for the trial court to allow the state to reopen its case after the defendants had rested. As to this we have previously held in State v. Cassady, 67 Ariz. 48, 190 P.2d 501, that a motion to reopen is addressed to the sound discretion of the trial court. The denial or granting of such motion will not be disturbed unless it appears that there is an abuse of the court's discretion. From our examination of the record we do not find that appellant was prejudiced by the granting of the state's motion. To constitute prejudice it must appear that the defendant was deprived of a substantial right. James v. State, 53 Ariz. 42, 84 P.2d 1081.

 At the time that the court granted the state's motion to reopen it advised the jury of the purpose in this language:

"Ladies and gentlemen, the court has permitted the state to reopen their case to offer evidence on the limited question of how much of the quantity of heroin, if there was any, was in the defendants' possession."

We do not believe that from the judge's remark to the jury any inference could have been drawn as to how he felt concerning the status of the evidence in the case or in the light of his subsequent instruction that he had any personal feelings as to the guilt or innocence of the accused.

 Defendant complains that the court below did not specifically rule on her motion for judgment of acquittal notwithstanding the verdict made subsequent to conviction. The court's failure therein is of no significance and does not constitute error. Such a motion is not authorized by the Rules of Criminal Procedure, 17 A.R.S., the only procedures being Rule 307 for a new trial and Rule 315 for a motion in arrest of judgment. Both of these latter motions were made and denied. See Rules 313 and 319 respectively.

 The principal assignment of error of importance to a determination of this appeal raises a question as to the sufficiency of the evidence to sustain the conviction. Decisions dealing with the particular aspect of unlawful possession of narcotic drugs here presented are few in number. While they ostensibly seem to be in conflict, nevertheless a close examination reveals a thread of uniformity contained in the holdings. There are decisions under statutes similar and even identical to ours that the specific amount of narcotic drug unlawfully pos-

sessed is immaterial. Schenher v. State, 38 Ala.App. 573, 90 So.2d 234; Peachie v. State, 203 Md. 239, 100 A.2d 1. It is to be observed that their authority is questionable since in each a readily identifiable quantity was involved. Other jurisdictions seem to indicate that an amount sufficient to be useable is necessary to warrant a conviction. See Greer v. State, 163 Tex.Cr.R. 377, 292 S.W.2d 122 and Pelham v. State, 164 Tex. Cr.R. 226, 298 S.W.2d 171.

The most recent decision reaching this precise question is that of People v. Marich, 201 A.C.A. 523, 19 Cal.Rptr. 909. The facts there are in part similar to the facts here. There the chemist found powdery fragments present in the folds of the paper and a residue on pieces of cotton. He testified that in his opinion the residue was heroin and that it would be possible for it to be utilized by a person wishing to inject the remains that were present. The California Court stated:

> "It is unlawful under § 11500 to possess 'any narcotic other than marijuana except upon the written prescription of a physician * * *.' (See, People v. Salas, 17 Cal.App.2d 75, 78, 61 P.2d 771.) We recently held, in People v. Anderson, 199 A.C.A. 541, 550–551, 18 Cal.Rptr. 793, 799 that '[t]he cases hold that the statute does not require the possession of any specific quantity of narcotics. (People v. Salas, 17 Cal.App.2d 75, 78, 61 P.2d

771; People v. Jones, 113 Cal.App.2d 567, 569–570, 248 P.2d 771; People v. One 1959 Plymouth Sedan, 186 Cal. App.2d 871, 874, 9 Cal.Rptr. 104.)' "

The Arizona Statute § 36–1002 is of course similar in import, providing that "It is unlawful for any person to * * * possess * * * *any* narcotic drug, except as authorized in this article." And see as amended, Laws 1961, Ch. 1, 1st S.S. § 2, Cum. Pocket Supp., 11 A.R.S.

In People v. Anderson, cited in the Marich case a capsule containing 5 milligrams residue of heroin was found in the pocket of defendant. In concluding its discussion the California Court said:

> "In the instant case there is no evidence to support defense counsel's statement that 'it would be impractical, if not impossible, to make any real use of the five milligrams or less involved in this case.' Also, there were other elements which the jury could consider while giving significance to the small quantity involved. The cases hold that the statute does not require the possession of any specific quantity of narcotics."

In People v. Hyden, 118 Cal.App.2d 744, 258 P.2d 1018, the trial court dismissed an information charging possession of morphine because, as a matter of law, 2 milligrams of morphine would be an insufficient amount to support a conviction for unlaw-

ful possession. On appeal this was reversed, the court saying:

> "Whether or not that quantity was sufficient not only required evidence, but was a matter of defense. * * * It was error to hold, as a matter of law, that the amount of morphine found, standing alone, was conclusive. The evidence on both sides should have been received, after which it could have been determined whether or not it was sufficient to sustain a conviction."

The Texas cases of Greer v. State and Pelham v. State, supra, are heavily relied on by appellant but we do not feel that they significantly contradict the line of cases which hold that no specific amount is required under the statutes. They are simply authority for the proposition that there must be an amount of narcotic drug sufficient to be used by an accused. As the Pelham case stated:

> "* * * we have concluded that the reasonable construction and interpretation to be applied here is that the legislature intended that to constitute the unlawful act of possessing marijuana there must be possessed an amount sufficient to be applied to the use commonly made thereof."

We believe the correct rule to be applied under a statute such as ours is that where the amount of a narcotic is so small as to require a chemical analysis to detect its presence, the quantity is sufficient if useable under the known practices of narcotic addicts. We hold that only in those cases where the amount is incapable of being put to any effective use will the evidence be insufficient to support a conviction.

A review of the record of the case now before us reveals that the conclusions here reached were applied by the trial court for it correctly instructed the jury:

> "You are instructed that the elements of the crime charged, to-wit, unlawful possession of narcotics are these: One, the person charged must have been in possession of a substance; two, the substance must have been a narcotic drug; *three, the substance must have been in such quantity and quality to be susceptible of use as a narcotic*; four, the possessor must have knowledge of the possession of such substance * * *.

> "If you believe from the evidence beyond a reasonable doubt that the defendant possessed a narcotic drug known as heroin, then you are instructed the weight or amount of the drug is immaterial so long as you find that there was a sufficient amount of such drug as to be useable as a narcotic." (Emphasis supplied)

The judgment of the court below is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.