454 P.2d 563

STATE of Arizona, Appellee,

v.

Stanley Edward KELLEY, Appellant.

No. 1935.

Supreme Court of Arizona,

In Division.

May 15, 1969.

Rehearing Denied June 17, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee State.

Ronald W. Sommer, Tucson, for appellant.

UDALL, Chief Justice:

While defendant, Stanley Edward Kelley, was proceeding west on River Road in Pima County, Arizona, his vehicle crossed the center line for a brief moment. He was observed by a deputy county sheriff, who, suspecting that defendant was driving while intoxicated, turned his car around and proceeded after defendant's car. When the deputy pulled up behind, defendant stopped his car on the side of the road. As defendant stopped, the deputy observed him "leaning forward and downward" in his vehicle. Defendant was asked to show his driver's license. As he searched through his wallet the deputy observed him attempting to kick or push a brown paper bag under the front seat of his vehicle.

When defendant couldn't produce the registration card for the car the deputy asked him what was in the brown bag. Defendant denied knowing anything about the bag. The deputy testified that at the time defendant appeared to be "very nervous, very fidgety, sort of red-eyed."

Defendant claimed that he had borrowed the car from a friend. He was put into the back of the patrol car and an identification check on the vehicle was instituted by the deputy. Defendant was advised of his constitutional rights and then asked once more about the sack. When he again claimed he knew nothing the deputy went to defendant's vehicle, removed the bag, and then opened it in the presence of defendant. The bag contained about a half pound of marijuana seeds, stems and leaves. Defendant was arrested for unlawful possession of marijuana, A.R.S. § 36–1002.05, and subsequently was convicted of that charge.

Defendant raises three issues in his appeal: (1) Whether it was error for the court to give a certain instruction; (2) whether the judge at the preliminary hearing should have informed defendant of his right to have a record of the proceedings at the hearing; and (3) whether the bag of marijuana was illegally seized.

The following jury instructions were given over defendant's objection:

"Every person who knowingly possesses any marijuana is guilty of a crime.

\*    \*    \*    \*    \*    \*

"You are also instructed that in order to sustain a charge of the possession of a narcotic drug it is not necessary that the State prove the possession of any specific amount. The charge is sustained if the possession of any *quantity* of a narcotic is shown if the *quantity* is capable of being put to use as a narcotic." (Emphasis ours)

Defendant requested that the instruction be modified to include the requirement that the substance must have been of such quality as to be susceptible of use as a narcotic. The request was denied.

In support of his argument that it was error to refuse to modify the instruction defendant calls to our attention the case of State v. Moreno, 92 Ariz. 116, 374 P.2d 872 (1962). In Moreno we approved of an instruction on the elements of the crime of unlawful possession of narcotics (heroin) which charged the jury that "the substance must have been in such *quantity and quality* to be susceptible of use as a narcotic; \* \* \*." We approved of the instruction because it did not erroneously state the law prejudicial to the defendant. When we approve an instruction we do not hold that the trial court must forevermore instruct the jury in the precise terms of the approved instruction. The instruction in the instant case adequately covered the applicable law. As we stated in Moreno, supra:

"We believe the correct rule to be applied under a statute such as ours is that where the amount of a narcotic is so small as to require a chemical analysis to detect its presence, the quantity is sufficient if useable under the known practices of narcotic addicts. We hold that only in those cases where the amount is incapable of being put to any effective use will the evidence be insufficient to support a conviction."

The instruction complained of here provides that the charge against defendant is sustained if the state proves he was in possession of a quantity of marijuana "capable of being put to use as a narcotic." The instruction implies that the quantity must also be of a quality which will provide a narcotic effect.

Defendant was not represented by counsel at the preliminary hearing. He failed to make a request under Rule 28, Rules of Criminal Procedure, 17 A.R.S., to have the testimony at that hearing recorded and transcribed. When counsel was appointed subsequent to the hearing a motion to quash the information and remand for a new preliminary hearing was filed and denied. The denial of the motion is the basis of defendant's second contention. He

urges upon us a rule which would require the magistrate to advise an unrepresented defendant of the provisions of Rule 28.

■ We considered a similar question in State v. Moses, 101 Ariz. 426, 420 P.2d 560 (1966) where we said:

"Defendant has the right to have testimony at his preliminary hearing reduced to writing and a transcript filed in the case if he requests it. State v. Daniels, 96 Ariz. 375, 396 P.2d 4 (1964). However, there is no evidence in the record that defendant requested a reporter be present at the proceedings to take testimony down, nor is there evidence that failure to have a transcript made by a reporter prejudiced defendant. Nor do we find any constitutional requirement that a transcript of testimony at a preliminary hearing be furnished to a person accused of a crime."

We do not dispute the fact that defendant was unaware of his right to have the testimony reported at his hearing and that had he been represented by counsel a request would very likely have been made. As we indicated in State v. Moses, supra, the right to a transcript of the preliminary hearing is not a fundamental constitutional right. No doubt a transcript is a helpful tool in the preparation of the defense for trial and a possible source of impeachment of witnesses. Still, the rule we have adopted in this state is that "the purpose of a preliminary hearing is not to afford the defendant an opportunity for discovery but is limited to the determination that there is probable cause to hold the defendant to answer." State v. Miranda, 104 Ariz. 174, 450 P.2d 364 (Feb.1969). The trial court properly denied defendant's motion for a new preliminary hearing.

Defendant maintains the marijuana was illegally seized and was not admissible in evidence. The California courts have considered this issue in two cases with facts strikingly similar to those in the instant case. In People v. Shapiro, 213 Cal.App.2d 618, 28 Cal.Rptr. 907 (1963) the defendant was driving a car with no tail light. Offi-cers flashed their red lights signaling the defendant to pull over. The defendant's car slowed down and the officers observed defendant lean over in the seat so far that her head went out of view and at the same time the car turned in towards the curb causing the front tires to hit the curb and bounce off. Because of the actions of the defendant one of the officers looked inside the car and found a paper bag containing marijuana. The seizure of the narcotic was upheld on appeal, with the court holding that the defendant's delay in stopping when the police signaled, and her furtive act in leaning over so far just before she stopped, justified the police in suspecting that she possessed contraband and was attempting to hide it.

Likewise, in People v. Sanson, 156 Cal. App.2d 250, 319 P.2d 422 (1957), where defendants were pulled over by officers because their vehicle had defective lights and no license plates, and a paper bag containing marijuana which one of the defendants appeared to be hiding under the front seat was seized, the court upheld the admission of the marijuana in evidence, holding that because of the furtive movements of the one defendant in trying to hide the contraband under the seat the officers had probable cause to seize the evidence.

■ In the instant case defendant was being legally detained while the vehicle registration was investigated. The arresting officer had observed him cross the center stripe with his vehicle. It was 4:00 in the morning. When defendant pulled his car to the side of the road he was seen leaning forward and downward in his seat. He appeared to be "very nervous, very fidgety, sort of red-eyed." He attempted to kick the brown bag containing the contraband under the seat and when he was questioned he said he didn't know anything about it. Under these circumstances we believe it was reasonable for the deputy, after securing defendant in his patrol car, to seize the bag and its contents. It was therefore not error for the trial court to admit the marijuana into evidence. See also, People v.

Anders, 167 Cal.App.2d 65, 333 P.2d 854 (1959); People v. Blodgett, 46 Cal.2d 114, 293 P.2d 57 (1956); 10 A.L.R.3d 314 § 8b.

Affirmed.

STRUCKMEYER and HAYS, JJ., concur.