486 P.2d 808

**STATE of Arizona, Appellee,**

v.

**Henry RIOS PAYAN, Appellant.**

**No. 1 CA–CR 287.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 6, 1971.

Rehearing Denied Sept. 30, 1971.

Review Denied Oct. 27, 1971.

Gary K. Nelson, Atty. Gen. by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

EUBANK, Judge.

This is a delayed appeal, permitted under Rule 16(a), Rules of the Supreme Court, 17 A.R.S., by appellant from a judgment of conviction for the possession of heroin in violation of A.R.S. § 36–1002, as amended, wherein he questions the sufficiency of the evidence to sustain his conviction and challenges the trial judge's understanding of the burden of proof.

The facts are undisputed. On October 9, 1968, a city of Glendale detective was driving his unmarked patrol car, when he observed the appellant walking toward him. Knowing that an arrest warrant was outstanding against the appellant, the detective pulled over and arrested the appellant. The detective then drove him to the Glendale Police Station where appellant was searched. The search revealed a "hype kit" in appellant's pocket which consisted of an eye dropper, two needles, three pieces of cotton and a bottle cap. A capsule was found in another pocket. These items were delivered to the State Chemist,

by the detective on the same day, who conducted tests which revealed 1.9 milligrams of heroin. The appellant pled not guilty to the charge and waived a jury trial. On October 7, 1969, the trial without a jury commenced. The trial court found the appellant guilty as charged and on December 16, 1969, sentenced him to not less than three nor more than five years in the state prison. Appellant's appeal is from the judgment and sentence.

■ Appellant first contends that the evidence was not sufficient to sustain the conviction because there was no showing that the "minuscule amount" of heroin (1.9 milligrams) could be put to *effective* use. In support of this contention he cites State v. Moreno, 92 Ariz. 116, 374 P.2d 872 (1962), where our Supreme Court held:

> "We believe the correct rule to be applied under a statute such as ours is that where the amount of a narcotic is so small as to require a chemical analysis to detect its presence, the quantity is sufficient if useable under the known practices of narcotic addicts. We hold that only in those cases where the amount is incapable of being put to any effective use will the evidence be insufficient to support a conviction." (at p. 120 of 92 Ariz., at p. 875 of 374 P.2d.)

The evidence in this case shows the recovery of 1.9 milligrams of heroin, as opposed to only .2 milligrams in Moreno, supra. As in Moreno, the trial court permitted expert testimony concerning useable quantity, i. e., effective use. The State Chemist testified as follows:

> "Q I think I asked this question once before, but I would like to repeat this question. Are you familiar with the known practices of a narcotic addict in this area?
>
> "A I am.
>
> "Q And under these known practices, is this quantity usable by one of these persons?
>
> "A Yes.

"Q And would you describe how this could be used by one of those persons?

"A It would—the residue would be redissolved, taken up in the needle by the eye dropper, and inserted. That is how it is usually used, sir."

This testimony is uncontradicted and essentially the same as the expert testimony reviewed by the Supreme Court in Moreno. Our review of the record establishes that the evidence was sufficient to support the conviction of appellant for possession of heroin. See also State v. Quinones, 105 Ariz. 380, 465 P.2d 360 (1970) where possession of .36 milligrams of heroin was held sufficient.

■ In appellant's final question on review, he contends that a statement made by the trial judge on the occasion of the hearing on his motion for new trial, held on November 13, 1969, indicated that the judge was mistaken, as a matter of law, regarding which party bore the burden of proof. The judge said, "* * * I think the burden shifts from the State to the defendant to show that—I think a prima facie case is made to require the defendant to show that, in fact, he is not knowledgeable or that he is not a narcotic user or addict." Appellant is correct when he states that the burden of proof in a criminal case never shifts from the state. Udall, Arizona Law of Evidence, p. 14, § 5 (1960). However, a reading of the trial judge's complete remarks at the hearing leaves no question in our mind that he was referring to the burden of going forward with evidence as opposed to the burden of proof, as such. In the case at bar the appellant put on no case whatsoever. The burden of proving beyond a reasonable doubt that the appellant possessed a substance, that such substance was heroin, and that the appellant had knowledge that the substance was in fact heroin was upon the State of Arizona. Carroll v. State, 90 Ariz. 411, 368 P.2d 649 (1962). As we have already held, the state met that burden.

In addition, we do not read the judge's alleged culpable statement as appellant

does. We think it is clear from the trial judge's statement that he realized that the burden does not shift from the state when he dropped the statement he was making in mid-sentence and started a new one saying: "I think a prima facie case is made to require the defendant to show that, in fact, he is not knowledgeable * * *."

We find no error in the trial court's remarks.

Judgment is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.