493 P.2d 513

**STATE of Arizona, Appellee,**

v.

**Michael Lemon McGUIRE, Appellant.**

**No. I CA–CR 389.**

Court of Appeals of Arizona, Division 1, Department A.

Feb. 8, 1972.

Gary K. Nelson, Atty. Gen. by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

CASE, Judge.

Appellant, Michael McGuire, was tried to a jury and convicted of possession of LSD. On appeal, he raises the following questions:

1. Is useability an element of the crime of possession of dangerous drugs?

2. If useability is an element of the crime of possession of dangerous drugs, was there sufficient evidence of useability introduced to entitle the trial judge to reject the defense's motion for directed verdict?

The law applicable to the instant case is set forth below:

"**32–1964.** *Dangerous Drugs Defined and Enumerated; Restriction on Sale; Addition to List*

A. The term 'dangerous drug' means any drug or device manufactured, produced or sold at retail, the label of which is required to bear a statement that it is to be dispensed or sold only by or on the prescription of a physician, dentist or veterinarian, as recommended or designated under the provisions of the federal food, drug and cosmetic act. The sale, transfer, gift or other disposition of any such drug or device is unlawful unless it is sold on a prescription of a member of the medical, dental or veterinary profession who is licensed by law to administer such drug or device. The term 'dangerous drug' includes, but is not limited to, the following:

\* \* \* \* \* \*

7. Lysergic acid, lysergic acid amide, LSD–25, LSD (dlysergic acid diethylamide), DMT (dimethyltryptamine), mescaline and its salts, psilocybin, psilocibin, psilocyn, psilocin, including their salts and derivatives, or any compounds, mixtures or preparations which are chemically identical with such substances." Ch. 73, § 1 [1951] Sess.Laws Ariz. 187, amended in, Ch. 33, § 1 [1967] Sess.Laws Ariz. 292, repealed by Ch. 156, § 23 [1970] Sess.Laws Ariz. 649.

"**32–1965.** *Sale and Possession of Dangerous Drugs; Records*

A. It is unlawful for any person, firm, partnership, association or corporation to sell, offer for sale, barter or otherwise dispose of, or be in possession of any 'dangerous drugs', except under the following conditions:" (none of which are applicable herein). Ch. 72, § 1 [1951] Sess. Laws Ariz. 188, repealed by Ch. 156, § 23 [1970] Sess. Laws Ariz. 649.

"**32–1975.** *Violations; Penalties*

\* \* \* \* \* \*

B. A person, firm or corporation violating any provision of this chapter involving any dangerous drug defined in paragraph 7, subsection A, section 32–1964, except in cases of a sale, transfer, gift or other disposition of such drug, shall be punished by imprisonment in the state prison for not less than one year nor more than ten years, by a fine not exceeding five thousand dollars, or both, but for the first offense the court may impose a fine not exceeding one thousand dollars, imprisonment in the county jail for not more than one year, or both." Ch. 73, § 1 [1951] Sess. Laws Ariz. 194, amended in, Ch. 33, § 2 [1967] Sess. Laws Ariz. 293, repealed by Ch. 156, § 23 [1970] Sess. Laws Ariz. 649.

Since State v. Moreno, 92 Ariz. 116, 374 P.2d 872 (1962), the rule in Arizona has been:

"[W]here the amount of a narcotic is so small as to require a chemical analysis to detect its presence, the quantity is sufficient if useable under the known practice of narcotic addicts. We hold that only in those cases where the amount is incapable of being put to any effective use will the evidence be insufficient to support a conviction." Id. at 120, 374 P.2d at 875.

*Accord*, State v. Quinones, 105 Ariz. 380, 465 P.2d 360 (1970); State v. Rios Payan, 15 Ariz.App. 128, 486 P.2d 808 (1971); State v. Urias, 8 Ariz.App. 319, 446 P.2d 18 (1968). These cases all dealt with violations under Section 36–1002, A.R.S. (as amended 1961) which restricts possession of narcotic drugs. The wording of Section 36–1002, A.R.S. is similar to the wording of Section 32–1975, subsec. B in that both sections proscribe possession of *any* narcotic or *any* dangerous drug. Though our Supreme Court has not considered whether the "useability" test should apply to dan-

gerous drugs as it does to possession of narcotic drugs, we believe the same criteria is applicable. People v. Johnson, 5 Cal. App.3d 844, 85 Cal.Rptr. 238 (1970).

The question next becomes whether sufficient evidence of useability was presented to preclude the trial court from granting defendant's motion for a directed verdict. In reviewing the denial of a motion for directed verdict, we must view the evidence most strongly in favor of upholding the jury verdict, State v. Acosta, 101 Ariz. 127, 416 P.2d 560 (1966), and will reverse only where there is a complete absence of probative facts to support the conclusion of guilt, State v. Mercer, 13 Ariz.App. 1, 473 P.2d 803 (1970).

■ The State's evidence established that during a post-arrest inventory search a vial containing an orange tablet was discovered in defendant's pocket. The testimony further revealed that defendant told the searching officer that the tablet was "acid" in response to the officer's question concerning the character of the pill. A criminalist testified that the capsule contained a minimum of 50 micrograms of LSD as determined by an infrared spectrophotometric examination. The criminalist further testified that the tablet was useable.

We believe that this testimony satisfied the "useability" test to preclude the granting of defendant's motion for a directed verdict. This case does not fall within the hypothetical facts discussed in State v. Quinones, *supra*, where the court envisioned "special problems" in a conviction for possession of narcotics based on a small amount of a narcotic found in vacuum cleaner sweepings from a floor where perhaps testimony would be required to show whether the narcotic was useable under known practices of narcotic users.

The judgment of conviction is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.