570 P.2d 1070

**The STATE of Arizona, Appellee,**

v.

**David Allen MURPHY, Appellant.**

**No. 3896.**

Supreme Court of Arizona,
In Banc.

Oct. 4, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Thomas G. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

Charles Anthony Shaw, Prescott, for appellant.

Young Lawyers Section, State Bar of Arizona; Arizona Civil Liberties Unions; Arizona Association of Drug Abuse Professionals; National Organization for Reform of

Marijuana Laws by Charles K. Ayers, Garry B. Bryant, El Mirage, Willis E. Higgins, Michael L. Piccarreta, and Alan M. Schiffman, Phoenix, brief amicus curiae.

CAMERON, Chief Justice.

This is an appeal from a judgment of the court sitting without a jury finding the defendant guilty of possession of marijuana, A.R.S. § 36–1002.05. Imposition of sentence was suspended for one year under terms and conditions not pertinent to this appeal.

We must answer three questions on appeal:

1. Does the constitutional right of privacy of the Arizona and United States Constitutions render unconstitutional a ban on non-commercial use of marijuana by adults in the home?
2. If the act is constitutional, was there sufficient evidence to sustain a conviction under the facts in the instant case?
3. Is 0.3 grams a "usable amount" of marijuana?

The facts necessary for a determination of this matter are as follows. On 25 November 1975, the Prescott Police Department obtained a search warrant for defendant's mobile home residence. The police were looking for a key to a 1972 Dodge Monaco automobile in connection with a joyriding incident. While searching the mobile home they found two film canisters which contained marijuana seeds and 0.3 grams of marijuana. The canisters were found on a ledge in the kitchen in plain view. Defendant was charged with possession of marijuana. A motion to dismiss was filed contending that the marijuana laws were unconstitutional as applied to non-commercial use by an adult in the privacy of his own home. The motion was denied and the matter tried to the court without a jury. The defendant was found guilty and appeals.

An amicus curiae brief was filed by the Young Lawyers Section of the State Bar of Arizona, the Arizona Civil Liberties Unions, Arizona Association for Drug Abuse Professionals, and the National Organization for Reform of Marijuana Laws (NORML).

IS THE STATUTE CONSTITUTIONAL?

Defendant contends that when the statute prohibiting the possession of marijuana is applied to private use, it is an unconstitutional invasion of privacy. Heavy reliance is placed on the Alaska Supreme Court decision which held that the right of privacy in the Alaska Constitution protected the noncommercial "purely personal" use of marijuana in the home:

"However, given the relative insignificance of marijuana consumption as a health problem in our society at present, we do not believe that the potential harm generated by drivers under the influence of marijuana, standing alone, creates a close and substantial relationship between the public welfare and control of ingestion of marijuana or possession of it in the home for personal use. Thus, we conclude that no adequate justification for the state's intrusion into the citizen's right to privacy by its prohibition of possession of marijuana by an adult for personal consumption in the home has been shown. The privacy of the individual's home cannot be breached absent a persuasive showing of a close and substantial relationship of the intrusion to a legitimate governmental interest. Here, mere scientific doubts will not suffice. The state must demonstrate a need based on proof that the public health or welfare will in fact suffer if the controls are not applied." *Ravin v. State*, 537 P.2d 494, 511 (Alaska 1975).

The right to privacy section of the Arizona Constitution reads as follows:

" * * * No person shall be disturbed in his private affairs, or his home invaded, without authority of law." Art. 2, § 8, Arizona Constitution.

Arizona's constitutional right to privacy, in common with many other states' constitutional right to privacy provisions, is as specific as Alaska's. A reading of cases from other jurisdictions indicates that Alaska stands alone.

■ Our state constitution provides no impediment on privacy grounds to the criminalization of the possession of marijuana in the home. Admittedly, the right of an individual to be free from unreasonable searches and seizures is more strictly applied to home situations. But that extra protection we rightfully give to the home does not restrict the power of the legislature to make possession of marijuana in or out of the home a crime. It goes only to the power of the police to enter a home in search of evidence of that crime. The right to possess marijuana in a person's own home is not a basic constitutional right and is not, we believe, made so by invocation of the right of privacy provisions of the Arizona Constitution.

■ Neither do we find a violation of defendant's federal constitutional rights. Although the right of privacy is not specifically mentioned in the United States Constitution, the United States Supreme Court has found it implicit in various rights guaranteed in the Bill of Rights, but only in connection with the exercise of certain personal rights that can be deemed "fundamental" or "implicit in the concept of ordered liberty." See *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). The class of rights deemed to be "fundamental" for right of privacy purposes includes activities relating to marriage, procreation, contraception, family relationships, child rearing and education. No federal or state case of which we are aware has yet declared the possession or ingestion of marijuana in the home to be a "fundamental right." We, therefore, see no basis for finding a violation of any federal constitutional right to privacy.

The defendant and amici contend that this case is controlled by the United States Supreme Court case of *Stanley v. Georgia,* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), and cases following. *Stanley v. Georgia* was a First Amendment case dealing with alleged obscenity. The court stated:

"It is now well established that the Constitution protects the right to receive information and ideas. 'This Freedom [of speech and press] * * * necessarily protects the right to receive * * *.' (citations omitted) This right to receive information and ideas, regardless of their social worth (citation omitted) is fundamental to our free society. Moreover, in the context of this case—a prosecution for mere possession of printed or filmed matter in the privacy of a person's own home—that right takes on an added dimension. * * * " *Stanley v. Georgia,* 394 U.S. at 564, 89 S.Ct. at 1247, 22 L.Ed.2d at 549.

The United States Supreme Court went on to say:

"We hold that the First and Fourteenth Amendments prohibit making mere private possession of obscene material a crime. (footnote omitted) *Roth* and the cases following that decision are not impaired by today's holding. As we have said, the States retain broad power to regulate obscenity; that power simply does not extend to the mere possession by the individual in the privacy of his own home. * * * " *Stanley v. Georgia,* 394 U.S. at 568, 89 S.Ct. at 1249–50, 22 L.Ed.2d at 551.

■ There is a fundamental First Amendment right to receive information and ideas both in and out of the home, and *Stanley,* supra, holds that it is permissible to possess for use in the home items which are in fact obscene and therefore presumably not subject to the protection of the First Amendment. The court is still concerned, however, with First Amendment rights and a determination as to the extent of protection of these rights. There is no such right or protection afforded the possession of narcotics. There is no fundamental right to possess marijuana. As Footnote 11 in *Stanley* stated:

"What we have said in no way infringes upon the power of the State or Federal Government to make possession of other items, such as narcotics, firearms, or stolen goods, a crime. Our holding in the present case turns upon the Georgia statute's infringement of fundamental liber-

ties protected by the First and Fourteenth Amendments. No First Amendment rights are involved in most statutes making mere possession criminal." *Stanley v. Georgia,* 394 U.S. at 568, n. 11, 89 S.Ct. at 1249–50, 22 L.Ed.2d at 551.

We do not believe that *Stanley* and its progeny control this case.

The remaining constitutional question is whether the legislature was within its power to prohibit the non-commercial use of marijuana by an adult in the home. Defendant contends that there was no rational or reasonable basis for prohibiting such use.

■ Both before the trial court and in briefs before this court, extensive evidence and authority were presented on behalf of the defendant to show that marijuana use was not harmful or that if it did harm the user it was less harmful than the legal drugs, alcohol and tobacco. The State also presented expert testimony and authority to the contrary. The extensive authority earnestly presented by both parties and amicus curiae leads inescapably to the conclusion that there is a substantial body of expert and sincere opinion on both sides of the question. That being the case, we cannot say that the legislature had no rational or reasonable basis for proscribing the use of marijuana.

If the court can discover any purpose related to public health, safety or welfare which could be served by the statute, we will not question the wisdom of the legislation prohibiting the possession of marijuana. The arguments of the defendant and the amicus curiae, sincere and intense though they may be, are better left to the legislative halls than to the courtroom:

"\* \* \* Defendant in effect questions the legislative wisdom of prohibiting possession of marijuana. It is not this Court's function to pass judgment upon the wisdom of legislation \* \* \*." *State v. Leuck,* 107 Ariz. 49, 51, 481 P.2d 842, 844 (1971). See also *Deck v. United States,* 395 F.2d 89 (9th Cir. 1968).

■ There is a presumption that the legislature acts constitutionally and when there is a reasonable, even though debatable, basis for the enactment of a statute, we will uphold the act unless it is clearly unconstitutional. *State v. Wadsworth,* 109 Ariz. 59, 505 P.2d 230 (1973). We find no error.

## DID THE STATE SHOW THE DEFENDANT WAS IN POSSESSION OF THE MARIJUANA?

Defendant contends that there was insufficient proof that he in fact possessed the marijuana. At the trial he testified that he had no knowledge of the marijuana and that visitors may have left it there.

■ In order to convict for possession of marijuana, the prosecution must show that the defendant had knowledge of the drug's presence, that it was in fact marijuana, and the defendant must exercise some control over it. *State v. Arce,* 107 Ariz. 156, 483 P.2d 1395 (1971). Possession need not be physical but constructive:

"Although possession may be shown by direct or circumstantial evidence, the evidence must link the defendant to the narcotics in such a manner and to such an extent that a reasonable inference may arise that the defendant knew of the narcotics' existence and of its whereabouts. (citation omitted)." *State v. Carr,* 8 Ariz.App. 300, 302, 445 P.2d 857, 859 (1969).

■ Mere presence when the drug is found is not enough. However, if contraband is found in an arrestee's home in an unsecluded or obvious place it is sufficient to sustain a verdict for possession:

"According to the record, the narcotics were found not only in his presence, but in his apartment. The other occupant of the apartment was termed his 'roommate.' The items of evidence were found, not secluded, but in obvious places around the apartment where a person living in the apartment would have knowledge of their presence. On appeal the evidence will be considered in the light most favorable to support the verdict. We hold that the jury had suffi-

cient evidence before it to conclude that defendant was guilty of knowingly possessing the narcotics in his apartment." *State v. Van Meter,* 7 Ariz.App. 422, 427, 440 P.2d 58, 63 (1968).

 Here the marijuana was found in open view in the kitchen. It was in a place where the occupant would have knowledge of its presence. We believe there was sufficient evidence from which the trier of fact could conclude that the defendant possessed the marijuana. We find no error.

### WAS THE MARIJUANA A USABLE AMOUNT?

To sustain a conviction for possession of any narcotic drug, the amount must be shown to be a usable amount. *State v. Quinones,* 105 Ariz. 380, 465 P.2d 360 (1970); *State v. Urias,* 8 Ariz.App. 319, 446 P.2d 18 (1968). In the instant case, the amount found was 0.3 grams. A standard cigarette of tobacco weighs approximately 1.00 grams.

At the trial, the State's chemist testified:

"Q Do you have an opinion as to whether that exhibit is a usable quantity of marijuana? * * *

"A Yes.

"Q And upon what do you base that opinion?

"A There is enough material present to be smoked.

"Q Okay, is that from your own examination?

"A Yes, I have seen thousands of hand rolled cigarettes containing marijuana. Some of them contain less than the amount present in this case.

"Q In your opinion, then, your opinion is that there is enough marijuana here to be a usable quantity?

"A Yes."

On cross-examination, the chemist said:

"Q Now, have you ever seen people use that amount of marijuana in a cigarette before?

"A I have seen less than that amount.

"Q In cigarettes?

"A In a cigarette.

"Q Mixed with other items then?

"A No, sir."

There was sufficient evidence to find that 0.3 grams was a usable amount. We find no error.

Affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.