782 P.2d 329

**The STATE of Arizona, Appellee,**

**v.**

**Robert Louis MURRAY, Appellant.**

**No. 2 CA–CR 88–0341.**

Court of Appeals of Arizona, Division 2, Department B.

March 21, 1989.

Review Denied Nov. 21, 1989.

**212**

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Barbara A. Jarrett, Phoenix, for appellee.

Harold L. Higgins, Jr., Pima County Public Defender by Nancy F. Jones, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant was convicted by a jury of one count of unlawful possession of a narcotic drug, cocaine, and one count of possession of drug paraphernalia. The court placed him on probation for four years. On appeal, appellant contends the court should have granted his motion for directed verdict because the state failed to show that he possessed a usable amount of cocaine. He also contends that the state committed fundamental reversible error in its final argument and that the court erred in not precluding evidence that he was an attorney. We affirm.

On December 30, 1983, appellant, a Tucson attorney, was stopped for suspicion of driving under the influence. After he was told he was under arrest, appellant walked between his car and the police car, reached into his back pocket and threw something underneath his car. One of the arresting officers retrieved from underneath the car a cocaine spoon and a small brown glass vial containing a powdery substance.

At trial appellant stipulated that he was in possession of a substance which he knew was cocaine but denied that it was a usable amount. The state's criminalist testified that the powder on the spoon weighed four milligrams and that the powder in the vial weighed seven milligrams. He testified that was a usable amount of cocaine. A narcotics detective and a sergeant with the Tucson Police Department both testified that they had observed many narcotics users use cocaine and that they had seen users taking cocaine in spoons the size of the one in appellant's possession.

Appellant's only witness, a physician and doctor of pharmacology, testified that it would take at least 16 milligrams of pure cocaine by injection to produce a narcotic effect and that a substance is not usable as a narcotic if it is not capable of producing a narcotic effect. After the state rested and again at the close of the evidence, appellant moved for a directed verdict which was denied.

## DIRECTED VERDICT MOTION

Appellant argues that the court erred in failing to grant his motion for directed verdict. In reviewing a trial court's denial of a motion for judgment of acquittal, the appellate court is required to view the facts most strongly in favor of upholding the verdict. *State v. Printz*, 125 Ariz. 300, 609 P.2d 570 (1980). It is well

established that, in order to sustain a conviction for possession of any narcotic drug, there must be evidence that the defendant possessed a "usable" amount of the drug. *State v. Murphy,* 117 Ariz. 57, 570 P.2d 1070 (1977); *State v. Moreno,* 92 Ariz. 116, 374 P.2d 872 (1962).

In *Moreno,* our supreme court affirmed a conviction for possession of a small amount of heroin, holding as follows:

> We believe the correct rule to be applied under a statute such as ours is that where the amount of a narcotic is so small as to require a chemical analysis to detect its presence, the quantity is sufficient if useable under the known practices of narcotic addicts. We hold that only in those cases where the amount is incapable of being put to any effective use will the evidence be insufficient to support a conviction.

92 Ariz. at 120, 374 P.2d at 875. Here, the evidence was conflicting. However, the state presented sufficient evidence that appellant possessed a usable amount, and the court properly denied the motion for a directed verdict and submitted the issue to the jury.

Appellant seeks to have us require that the drug be capable of producing a narcotic effect before it can constitute a usable amount, citing *State v. Kelley,* 104 Ariz. 418, 454 P.2d 563 (1969), vacated on other grounds, 399 U.S. 525, 90 S.Ct. 2252, 26 L.Ed.2d 783 (1970). The Arizona Supreme Court held in that case that the jury was adequately instructed as follows: "The charge is sustained if the possession of any *quantity* of a narcotic is shown if the *quantity* is capable of being put to use as a narcotic." 104 Ariz. at 419, 454 P.2d at 564 (emphasis in original). The court then noted that "The instruction implies that the quantity must also be of a quality which will provide a narcotic effect." *Id.* That comment is the basis for appellant's argument.

We decline to impose such a requirement because our supreme court has not done so. *State v. Murphy,* 117 Ariz. 57, 570 P.2d 1070 (1977); *State v. Quinones,* 105 Ariz. 380, 465 P.2d 360 (1970). Despite the comment in *Kelley,* the courts have not imposed a requirement other than a showing

that the drug possessed is an amount usable under the known practices of addicts. *State v. Rios Payan,* 15 Ariz.App. 128, 486 P.2d 808 (1971); *State v. Valdez,* 115 Ariz. 1, 562 P.2d 1368 (App.1977), overruled on other grounds, *State v. Roberts,* 126 Ariz. 92, 612 P.2d 1055 (1980). "We feel that the effects of drugs are obviously idiosyncratic. That is, it is virtually impossible to be able to say, with any degree of certainty, what quantity of a certain drug would be required to produce a drug effect, because it would vary greatly among different persons." *State v. Martinez,* 15 Ariz.App. 10, 11, 485 P.2d 600, 601 (1971). We find that the state presented sufficient evidence for the jury to find that the cocaine was of sufficient quantity to be a usable amount by cocaine users.

## STATE'S CLOSING ARGUMENT

■ Appellant next contends that the prosecutor misstated the applicable law on usable amount during his rebuttal argument. Because appellant failed to object to the argument at the time, we review the record only to determine whether fundamental error occurred.

During appellant's closing argument, defense counsel argued that a narcotic drug is usable if it is present in sufficient quantity to produce a narcotic effect. In rebuttal, the state argued, without objection, that the instructions the jury would hear did not require that the amount be sufficient to create a drug effect. The Arizona Supreme Court has defined fundamental error as follows: "Fundamental error ... is such error as goes to the foundation of the case, or which takes from a defendant a right essential to his defense." *State v. Pulliam,* 87 Ariz. 216, 222, 349 P.2d 781, 785 (1960), overruled on other grounds, *State v. Cobb,* 115 Ariz. 484, 566 P.2d 285 (1977). We find no such error here.

## MOTION TO PRECLUDE EVIDENCE THAT APPELLANT WAS A LAWYER

■ Appellant argues that the court erred in denying his motion in limine to preclude evidence that he was a lawyer at the time of the offense. Because appellant had been a lawyer at the time, because he

had fled the jurisdiction of the court for four years prior to trial, and because there had been a fair amount of publicity about the case, the court was concerned about conducting an effective voir dire of prospective jurors. It thus concluded it was necessary to inform them of appellant's previous profession.

The decision whether to admit or exclude evidence is left to the sound discretion of the trial court, *State v. Fisher*, 141 Ariz. 227, 686 P.2d 750, cert. denied, 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436 (1984), as is its decision on the extent of voir dire examination necessary to determine the absence or presence of prejudice. *State v. Smith*, 114 Ariz. 415, 561 P.2d 739 (1977). We find no abuse of discretion in the ruling, and we find nothing in the record to indicate appellant was prejudiced by the ruling.

Affirmed.

ROLL, P.J., and LACAGNINA, C.J., concur.